IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YOUNG,

                Plaintiff,                OPINION AND ORDER

   v.

                                            14-cv-353-wmc

GORDY'S COUNTRY MARKET
GROCERY STORE, and UNIDENTIFIED
WHITE FEMALE WISCONSIN RANGER,

                Defendants.

---

In this proposed action, *pro se* plaintiff Michael Young alleges that defendants Gordy Country Market Grocery Store and a private security guard, identified only as a "very nasty rude white female with a fir[e] arm," violated his constitutional rights by accusing him of shop-lifting and barring him from shopping in any grocery store in the City of Eau Claire, Wisconsin.  (Dkt. #1.)  Plaintiff asked for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915.  Plaintiff's financial affidavit provided to the court demonstrates that he is unable to prepay the fee for filing this lawsuit.  Still, before this case may proceed, the court must also determine whether plaintiff's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Because Young has failed to state a claim on which relief may be granted, the court will deny him leave to proceed.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts based on the allegations in his complaint:

On May 2, 2014, Young was paying for his items at the Gordy's Country Market Grocery Store in Eau Claire, Wisconsin, when he was approached by a private security guard, described as a "Wisconsin Ranger." The guard allegedly falsely accused him of shop-lifting, "approached him in a very violent manner[,] went into his sack of grocer[ies,] ripped the paper sack and had all of his grocer[ies] r[u]n through the cash register again." (Compl. (dkt. #1) ¶ 1.) The private security guard also told Young "that he cannot shop in any grocery store in the city of Eau Claire, Wisconsin, without being arrested by the Wisconsin rangers." (*Id.* at ¶ 2.)

OPINION

As best as the court can discern, plaintiff seeks to bring a claim against defendants for falsely accusing him of shop-lifting and barring him from that particular store, as well as threatening to bar him from other stores in the Eau Claire area. Apparently, plaintiff and both defendants are citizens of Wisconsin, or at least plaintiff has alleged no facts giving rise to a different inference. For plaintiff's complaint to be properly before this court, therefore, he must allege a claim arising under federal law. *See* 28 U.S.C. § 1331.

As Young knows from prior screening orders issued in his numerous, prior cases here, Young can only assert a constitutional challenge pursuant to 42 U.S.C. § 1983

2

against a defendant who acted under color of state law. This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor" or official, who "has acted with or has obtained significant aid from state officials," or whose "conduct is otherwise chargeable to the State." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982). Here, the complaint does not allege or otherwise raise a reasonable inference that defendants fall under any of these categories. On the contrary, both the security guard and the grocery store are private parties. *See State v. McCormick*, No. 02-2658-CR, 2003 WL 21263695, at *1 (Wis. Ct. App. June 3, 2003) (unpublished) (identifying the "Wisconsin Rangers" of Eau Claire, Wisconsin, as a private investigative agency).

Young also makes certain statements about the Wisconsin Rangers (equating them to bounty hunters) and Gordy's law enforcement mechanisms (a private courtroom and jail upstairs) and seeks a federal investigation of both. To the extent these allegations were asserted as an independent claim, this request falls outside the relief this court can provide. *See, e.g.*, *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (explaining that there is no constitutional right to require that officials investigate or "prosecute persons accused of wrongdoing."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution . . . of another.").

To be sure, there are federal laws that prohibit discrimination and extend to private parties. For example, 42 U.S.C. § 1981 provides an opening to bring lawsuits against private entities or individuals who discriminate on the basis of race in making or enforcing contracts. *See O'Neill v. Gourmet Sys. of Minn., Inc.*, 213 F. Supp. 2d 1012,

3

1016 (W.D. Wis. 2002). Ultimately, however, at least as currently pled, Young does *not* allege that any of the actions taken against him were motivated by race. Here, the complaint does allege that that after allegedly being exonerated, "the bitch" (the private security guard) remarked that "black dudes did not know how to treat wom[e]n" or "how to be gentlem[e]n." (Compl. (dkt. #1) ¶ 2.) While disturbing, Young does not allege that after-the-fact comments were evidence of the guard having acted based on Young's race, much less that the store interfered with his purchases because of his race. Finding no claim based on this court's federal question jurisdiction, the court will deny plaintiff leave to proceed in this action.

ORDER

IT IS ORDERED that:

1) plaintiff Michael Young's complaint is DISMISSED for lack of subject matter jurisdiction; and

2) the clerk's office is directed to close this case.

Entered this 5th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4